IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SANDY BANKS, *et al.*, | ) | CASE NO. 1:12 CV 1377 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| CITY OF CLEVELAND, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

      This Court has reviewed the Complaint in the above captioned case and determined that the federal courts lack subject-matter jurisdiction over this matter because there are no federal claims alleged that would be ripe for consideration. Consequently, this case is remanded to the state court. Plaintiffs have sought a remand based on a lack of subject matter jurisdiction, arguing that their First Amended Complaint did not raise any federal causes of action. Defendants have argued that the Complaint and First Amended Complaint clearly raised federal constitutional claims, however they have also sought dismissal of the federal claims under various theories, all of which amount to an argument that although facially pled, no federal cause of action could have been properly raised by the Plaintiffs under the circumstances of this case.

The issue of ripeness has not been raised by either party.[1]

The First Amended Complaint, which is the Complaint in effect at the time of removal sets forth the following claims and allegations relevant to a potential federal claim:

> Upon information and belief, the City's threat, if executed, will amount to an unreasonable warrantless search and seizure, an unreasonable taking of Property, both physical and monetary without due process of law, and deny it its lawful right to engage in commerce in violation of the U.S. and Ohio Constitutions, inter alia.

Plaintiffs cannot raise a pre-emptive federal claim for a threatened search and seizure and/or taking that has not yet occurred, and in fact was prevented from occurring before this case was removed to federal court. The alleged threat related to an intended raid of Plaintiffs premises on May 5, 2012. According to Plaintiffs, the threat was removed by the City prior to May 5, and even if it had not been, the state court issued a Preliminary Injunction banning any such action pending a resolution of the underlying legal issues. The alleged threat expired without incident prior to the removal of this case to federal court on June 1, 2012. Therefore, as there is no current case or controversy related to the stated federal Constitutional claims, the federal claims are not ripe for adjudication, and this Court has no subject matter jurisdiction to hear those claims. *See* 13A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3532. Further, it is well settled that takings claims are not ripe for federal court review until state compensation procedures have been exhausted. *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195, 105 S. Ct. 3108, 87 L.Ed.2d 126 (1985). Therefore, even if the raid had actually occurred, the takings claim would

---

[1] A federal court must determine whether a claim is ripe for review even if neither party has raised the issue. *Bigelow v. Mich. Dep't of Natural Res.*, 970 F.2d 154, 157 (6th Cir. 1992).

not be ripe until additional state procedures had been exhausted.

Although it would seem logical to simply dismiss the federal claim and remand the state claims back to state court, under 28 U.S.C. § 1447(c), this court is required to remand the entire case if it lacks subject matter jurisdiction. *See, e.g., Smith v. Wisconsin Dept. Of Agriculture*, 23 F.3d 1134, 1142 (7th Cir. 2004)(where federal claim was not ripe, §1447 required Court to remand the claim back to state court). The apparent or assumed futility of remanding the claim rather than dismissing it does not alter the Court's obligation to remand the claims for resolution by the state court. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 496 (6th Cir. 1999); *Primate Protection League v. Tulane Educ. Fund*, 500 U.S. 72, 89, 111 S.Ct. 1700, 114 L. Ed. 2d 134 (1991).

For all of the reasons set forth above, this Court hereby finds that it lacks subject-matter jurisdiction in this case because any potential federal claims are not ripe for adjudication. This case is, therefore, remanded to the Cuyahoga County Court of Common Pleas pursuant to 28 U.S.C. §§ 1441. The original removal was not, however, improper or otherwise objectively unreasonable. Consequently Plaintiffs' request for costs, expenses and attorney fees is denied. IT IS SO ORDERED.

    /s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: August 17, 2012